UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
SVETLANA BEREZOVSKAYA,

        Plaintiff,                   **NOT FOR PUBLICATION**

        - against -                **ORDER ADOPTING REPORT AND
RECOMMENDATION**

DEUTSCHE BANK NATIONAL TRUST
COMPANY,                            12-CV-6055 (KAM) (CLP)
as Trustee for IndyMac Indx
Mortgage Loan Trust 2006-AR2,

        Defendant.
--------------------------------X

**MATSUMOTO, United States District Judge:**

        On December 10, 2012, Plaintiff Svetlana Berezovskaya ("plaintiff" or "Berezovskaya") commenced this action against defendant Deutsche Bank National Trust Company ("Deutsche Bank" or "defendant"), alleging that, as a result of a series of allegedly fraudulent or improper transactions, defendant fraudulently collected upon plaintiff's mortgage debt obligations. (*See* ECF No. 1, Complaint filed 12/10/12 ("Compl.").) Plaintiff seeks monetary damages, reimbursement of all monies paid toward the loan, and a declaratory judgment declaring the purported delivery of her note and mortgage to defendant to be void and the property free of any encumbrances asserted by defendant. (*Id.* at 8-11.)

        On December 18, 2013, defendant filed a motion to dismiss the complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6).  (ECF No. 29, Motion to Dismiss filed 12/18/13 ("Mot. to Dismiss"); ECF No. 31, Memorandum in Support of Motion to Dismiss filed 12/18/13 ("Def. Mem.").)  On April 11, 2014, this court referred the motion to dismiss to the Honorable Cheryl L. Pollak for a Report and Recommendation.  (Order Referring Motion dated 4/11/14.)

On August 1, 2014, Judge Pollak issued a Report and Recommendation, recommending that this court grant defendant's motion to dismiss in its entirety on the basis of plaintiff's lack of standing.  (ECF No. 38, Report and Recommendation dated 8/1/14 ("R&R").)  Judge Pollak's R&R also notified the parties that any objections to the R&R were due within fourteen days of receipt of the R&R, by August 18, 2014.  (R&R at 20; *see also* ECF Entry dated 8/1/14.)  Judge Pollak also warned that failure to file objections within the specified time frame waives the right to appeal the district court's order.  (R&R at 20.)  The statutory period for filing objections has now expired, and neither party filed any objections to the R&R.  (*See* docket.)

**FACTUAL BACKGROUND**

The court presumes familiarity with the facts of this case, which have been set forth comprehensively in Judge Pollak's R&R and are adopted herein. (R&R at 1-5.)

**DISCUSSION**

2

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where no objection to a Report and Recommendation has been timely made, the district court "'need only satisfy itself that that there is no clear error on the face of the record.'" *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001). In addition, failure to object timely generally waives further judicial review. *Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 92d Cir. 1989).

Upon careful review of Judge Pollak's thorough and well-reasoned R&R, the record in this case, the relevant case law, and considering that neither party filed any objections to Judge Pollak's R&R, the court finds no clear error in Judge Pollak's recommended findings and hereby affirms and adopts the R&R as the opinion of the court. Accordingly, defendant's motion to dismiss the complaint is granted in its entirety, based on plaintiff's lack of standing to challenge defendant's

ownership of or legal authority to collect upon plaintiff's mortgage debt obligations. (*See* R&R at 19.)

## **CONCLUSION**

For the reasons set forth above and in Judge Pollak's thorough and well-reasoned Report and Recommendation, the court grants defendant's motion to dismiss the complaint in its entirety.[1] The Clerk of Court is respectfully requested to enter judgment and to close this case.

**SO ORDERED.**

Dated:     September 10, 2014
            Brooklyn, New York

                                           _____/s/_____
                                           KIYO A. MATSUMOTO
                                           United States District Judge
                                           Eastern District of New York

---

[1] In addition, the court denies plaintiff leave to amend the complaint, because any amendment would be futile and would not establish proper standing. *See Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 55 (2d Cir. 1995).